UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE DIRDEN,
    Plaintiff,

vs.                                                       Case No.: 3:23cv4689/RH/ZCB

BENJAMIN WADE GENTRY,
et al.,
    Defendants.
_____/

**REPORT AND RECOMMENDATION**

    This is a *pro se* civil rights case filed under 42 U.S.C. § 1983. It was filed on March 1, 2023. (Doc. 1). Since then, Plaintiff has received multiple extensions of the time to serve the named Defendants. Although Plaintiff has now served most of the named Defendants, he has not served the State of Florida and Assistant State Attorney Elizabeth Tillman. Because Plaintiff has been given multiple extensions of the time to serve these Defendants and still has not done so, they should be dismissed under Rule 4(m) of the Federal Rules of Civil Procedure.

### I.   Background

    Plaintiff filed his original complaint on March 1, 2023. (Doc. 1). Under the Federal Rules of Civil Procedure, Plaintiff had ninety days to

1

serve the named Defendants. Fed. R. Civ. P. 4(m). Plaintiff received multiple extensions of that deadline. (Docs. 11, 28). As of October 31, 2023, several Defendants remained unserved. Thus, the Court ordered Plaintiff to show cause as to why the unserved Defendants should not be dismissed. (Doc. 49). Plaintiff responded by stating that he had hired a process server and was in the process of completing service. (Doc. 54). Thus, the Court provided Plaintiff with a "**final** extension of time to serve" the remaining Defendants by February 18, 2024, with proof of service required to be filed by February 23, 2024. (Doc. 58 at 3-5).

Affidavits showing proof of service on Defendants Gentry, Hubley, and Kelly were subsequently filed on February 9, 2024, and those Defendants appeared. (Docs. 64, 64-1, 64-2, 65, 66). But Plaintiff failed to file proof of service by the February 23, 2024, deadline for Defendants State of Florida and Assistant State Attorney Elizabeth Tillman. In fact, on February 28, 2024, a summons for the State of Florida was returned to the Clerk of Court as "unexecuted." (Doc. 68). Neither the State of Florida nor Assistant State Attorney Elizabeth Tillman have appeared in this litigation.

## II. Discussion

Under the Federal Rules of Civil Procedure, "[i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within specified time." Fed. R. Civ. P. 4(m). The 90-day timeframe for service can be extended upon a finding of good cause. *Id*. Even if the good cause standard has not been met, a district court has the discretion to extend the time for service. *Lepone-Dempsey v. Carroll Cnty.*, 476 F.3d 1277, 1281 (11th Cir. 2007). Unless service has been waived, "proof of service must be made to the court." Fed. R. Civ. P. 4(*l*)(1). Generally, "the plaintiff has the burden of proving effective service of process." *Flexsteel Pipeline Techs., Inc. v. Chen*, 5:16cv239, 2018 WL 11413297, at *3 (N.D. Fla. Feb. 27, 2018).

As mentioned above, the Court has provided Plaintiff with multiple extensions of time to complete service. Indeed, the case has now been pending for over a year without proper service on the State of Florida and Assistant State Attorney Elizabeth Tillman. The Court, cognizant of Plaintiff's *pro se* status, has been patient and hesitant to recommend

3

dismissal under Rule 4(m). The Court has been especially patient because it appears that the statute of limitations has expired on Plaintiff's claims. Thus, although a dismissal under Rule 4(m) would be without prejudice, it is unlikely that Plaintiff could refile his claims because of the statute of limitations. The Court explained this to Plaintiff when granting the last extension. (*See* Doc. 58 at 4). Nonetheless, Plaintiff has yet to properly serve these Defendants. Accordingly, Plaintiff's claims against the State of Florida and Assistant State Attorney Elizabeth Tillman should be dismissed under Rule 4(m) for lack of timely service.[1] *See Jackson v. Warden, FCC Coleman-USP*, 259 F. App'x 181, 182 (11th Cir. 2007) ("Because [the plaintiff] failed to serve defendants properly, we find that this case should have been dismissed without prejudice."); *see also Sears v. Subasavage*, No. 3:15cv370, 2018 WL 4656395, at *1 (N.D. Fla. Sept. 27, 2018) (dismissing a *pro se* complaint against defendants who had not been timely served).

---

[1] Plaintiff has moved for an entry of default against the State of Florida. (Doc. 77). As the Court explained in a separate order regarding that motion, an entry of default is unwarranted because the State of Florida has never been served. (Doc. 80).

4

It bears explaining that even if Plaintiff had served the State of Florida and Assistant State Attorney Elizabeth Tillman, the claims against those Defendants would have been dismissed on the merits.[2] That is so with respect to the State of Florida because the Eleventh Amendment doctrine of sovereign immunity prohibits suits against the State and its agencies. *Uberoi v. Supreme Court of Florida*, 819 F.3d 1311, 1313-14 (11th Cir. 2016). Although a state can waive its sovereign immunity and Congress can abrogate it, neither of those situations is present here. *See Zatler v. Wainwright*, 802 F.2d 397, 400 (11th Cir. 1986) (explaining that Congress did not abrogate sovereign immunity for § 1983 suits, and Florida did not waive sovereign immunity for such suits). Because Plaintiff has sued the State of Florida itself, sovereign immunity would apply regardless of the type of relief Plaintiff seeks in this § 1983 action. *See Puerto Rico Acqueduct & Sewer Auth. v. Metcalf*

---

[2] Because Plaintiff paid the filing fee and was not incarcerated when he filed this action, the Court lacked the statutory authority to screen the complaint under 28 U.S.C. §§ 1915(e)(2) and 1915A(a). If the Court had the statutory authority to screen the complaint before it was served, then the Court would have recommended dismissing the claims against Defendants State of Florida and Assistant State Attorney Elizabeth Tillman because they are immune. *See* 28 U.S.C. § 1915(e)(2)(iii) (authorizing dismissal at the screening stage of claims against an immune defendant); *see also* 28 U.S.C. § 1915A(b)(2) (same).

*& Eddy, Inc.*, 506 U.S. 139, 146 (1993) (recognizing that sovereign immunity bars "suits against the States and their agencies, . . . regardless of the relief sought").

And that is so with respect to Assistant State Attorney Elizabeth Tillman because of the doctrine of prosecutorial immunity. Under the doctrine of prosecutorial immunity, a "prosecutor enjoys absolute immunity from allegations stemming from the prosecutor's function as an advocate." *Jones v. Cannon*, 174 F.3d 1271, 1281 (11th Cir. 1999). That immunity covers "a prosecutor's acts undertaken in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." *Id*. (cleaned up). And it encompasses a prosecutor's "initiation and pursuit of criminal prosecution." *Id*. It also encompasses claims of malicious prosecution made against a prosecuting attorney. *Hoffman v. Office of State Attorney*, 793 F. App'x 945, 950 (11th Cir. 2019).

In this case, Assistant State Attorney Elizabeth Tillman prosecuted Plaintiff during the state court proceedings. And Plaintiff's allegations clearly involve actions Defendant Tillman took while serving in her role as the State's advocate in those state court criminal proceedings. (*See*

6

Doc. 37 at 11-12). Thus, Plaintiff's claims against Defendant Tillman would be subject to dismissal under the doctrine of prosecutorial immunity.

Accordingly, it is respectfully **RECOMMENDED** that:

1. This case be **DISMISSED without prejudice** against Defendants State of Florida and Assistant State Attorney Elizabeth Tillman for Plaintiff's failure to timely serve under Rule 4(m) of the Federal Rules of Civil Procedure.

2. This case be recommitted to the undersigned for further proceedings against the remaining Defendants.

At Pensacola, Florida this 20th day of June 2024.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

## Notice to the Parties

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation.  <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control</u>. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on

7

unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.