IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JOHNNIE LEE DIRDEN,

    Plaintiff,

v.                                        CASE NO. 3:23cv4689-RH-ZCB

BENJAMIN WADE GENTRY et al.,

    Defendants.

_____/

**ORDER DISMISSING ALL CLAIMS AGAINST
THE STATE AND MS. TILLMAN, DISMISSING
THE ARREST AND PROSECUTION CLAIMS,
AND DENYING THE MOTIONS TO DISMISS THE
<u>SEARCH CLAIMS AGAINST THE OFFICERS</u>**

      A Pensacola police officer stopped the plaintiff's car for having a child on board who was not wearing a seatbelt. The plaintiff says the child was properly belted and the officer could not have seen otherwise. The officer learned the plaintiff's license had been suspended and arrested him. The officer and two others searched the plaintiff's car, finding no contraband. The plaintiff was prosecuted, convicted, and paid a fine on the charge of driving on a suspended license.

In this action the plaintiff asserts claims under 42 U.S.C. § 1983 and state law based on the arrest, search, and prosecution. The defendants still in the case are the three officers, the State of Florida, and the assistant state attorney who handled the prosecution. The plaintiff originally asserted claims against other defendants, too, but those claims have been dismissed.

The case is before the court on the magistrate judge's two reports and recommendations, ECF Nos. 78 and 81.

The first, ECF No. 78, correctly recommends dismissal of the claims against the State and the assistant state attorney for failure to serve process by the extended deadline. The plaintiff has not objected, and the deadline for objections has passed. Further, as the report and recommendation also correctly concludes, the plaintiff would be unable to recover against those defendants in this court anyway, based on the State's sovereign and Eleventh Amendment immunity and the assistant state attorney's prosecutorial immunity.

The second report and recommendation, ECF No. 81, correctly recommends dismissal of the claims against the arresting officer that are based on the arrest and prosecution. It also correctly recommends denial of the officers' motions to dismiss the claims that are based on the search. Neither side has objected, but the plaintiff has moved to stay consideration of the arrest and prosecution claims pending a ruling on a motion he has filed in state court for relief from his

conviction. This order denies the motion to stay but makes clear that the dismissal of the arrest and prosecution claims is without prejudice to a further claim if the conviction is vacated.

IT IS ORDERED:

1. The reports and recommendations, ECF Nos. 78 and 81, are accepted and adopted as the further opinion of the court.

2. All claims against the defendants State of Florida and Elizabeth Tillman are dismissed without prejudice for failure to serve process.

3. Defendant Benjamin Wade Gentry's motion to dismiss, ECF No. 66, is granted in part and denied in part. The claims based on the plaintiff's arrest and prosecution are dismissed without prejudice to renewal if the plaintiff's underlying state-court conviction is vacated. The search claims are not dismissed.

4. The motion to dismiss of the defendants Eric Hubley and Patrick Kelly, ECF No. 65, is denied.

5. I do *not* direct the entry of judgment under Federal Rule of Civil Procedure 54(b).

6. The case is remanded to the magistrate judge for further proceedings.

SO ORDERED on July 8, 2024.

                               s/Robert L. Hinkle
                               United States District Judge